IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT TEAGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-596-GPM |
| | ) | |
| ALAN M. UCHTMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment (Doc. 11), filed by Plaintiff Teague on October 16, 2006. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner, while incarcerated at the Menard Correctional Center, brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He filed his Petition (Doc. 1) on July 31, 2006, and was thereafter granted *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 4). In the Court's August 29, 2006 Order (Doc. 4), the Court ordered that Respondent Uchtman "shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue." (Doc. 4 at 1). Within twenty-three days receiving the application, on September 28, 2006,

Defendant Uchtman filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Successive (Doc. 9).

On October 16, 2006, Plaintiff filed the instant motion entitled "Motion for Summary Judgment," which alleges that Defendant has failed to answer within the twenty-three days ordered by the Court. Plaintiff requests that the Court "hold such evidentiary hearing as this honorable court may deem necessary or appropriate," and that the Court issue a writ of habeas corpus freeing petitioner from his confinement (Doc. 11 at 2-3).

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(a)(4) explains that when a party files a motion to dismiss under Rule 12, the period in which a party must answer is altered. Accordingly, a defendant need not answer a petition until after the Court rules on the motion to dismiss, or indicates that it will postpone its disposition of the motion.

In this case, Defendants filed a motion to dismiss within the twenty-three day period ordered by the Court for Defendant to "answer and show cause why the writ should not issue." Accordingly, the time for responding to the petition was extended. As an aside, Plaintiff's Motion to Dismiss did show cause as to why it believed a writ of habeas corpus should not issue in this case. Plaintiff's Motion for Summary Judgment (Doc. 11) lacks merit; accordingly, it is **RECOMMENDED** that the motion be **DENIED**.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 11) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 3, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**