IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT TEAGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-596-GPM |
| | ) | |
| ALAN M. UCHTMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss (Doc. 9), construed by the Court as a motion for summary judgment, filed by Plaintiff Teague on October 16, 2006. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner, while incarcerated at the Menard Correctional Center, brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He filed his Petition (Doc. 1) on July 31, 2006. In the Court's August 29, 2006 Order (Doc. 4), the Court ordered that Respondent Uchtman "shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue." (Doc. 4 at 1). Within twenty-three days of receiving the application, on September 28,

2006, Respondent Uchtman filed the instant Motion to Dismiss Petition for Writ of Habeas Corpus as Successive (Doc. 9), which the Court now construes pursuant to Federal Rule of Civil Procedure 12(d) as a motion for summary judgment.

In the Motion for Summary Judgment (Doc. 9), Respondent asserts that judgment as a matter of law is warranted because Petitioner's 28 U.S.C. § 2254 habeas petition is barred as a successive petition since it was filed without authorization from the United States Court of Appeals for the Seventh Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). That section provides that the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider" a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A).

Respondent states that Petitioner pled guilty on October 10, 2000, to a charge of armed robbery and was sentenced to twenty-three years of imprisonment (Doc. 9 at ¶ 2). Respondent then provides documentation that shows Petitioner previously filed a federal habeas corpus petition in this district on January 7, 2002, in case number 02-cv-14-MJR, pursuant to 28 U.S.C. § 2254. In that 2002 petition, Petitioner challenged his November 10, 2000, state court conviction for armed robbery (Doc. 9-2 at 1). Petitioner's case was dismissed by United States District Judge Michael J. Reagan because Petitioner failed to exhaust his administrative remedies, in that he filed a post conviction relief motion in state court that was still pending on the date of the Court's September 19, 2002 Order (Doc. 9-2 at 2).

The Court also made a finding, however, that even if Petitioner had exhausted his administrative remedies, his case would still be dismissed as it was not filed within the 1-year limitations period codified in 28 U.S.C. § 2244(d)(1). Accordingly, the Court dismissed the

2

action <u>with</u> prejudice (Doc. 9-2 at 3).  In the present action, Petitioner again brings a § 2254 habeas petition challenging the conditions of his confinement for the same underlying conviction at issue in his previous § 2254 petition (Doc. 1).  He alleges that his post conviction relief motion filed in state Court is still pending (Doc. 1 at 3).

On July 24, 2007, this Court issued a Notice and Order to Respond (Doc. 12), which advised Petitioner regarding how to respond to Respondent's summary judgment motion and further warning of the consequences of failing to respond.  The Court stated, "Unless you respond to this motion with sworn statements which contradict important facts claimed by Defendant in its materials, the Court will accept Defendant's uncontested facts as true." (Doc. 12 at 3).  The Court then stated, "More importantly, you will lose this lawsuit, in whole or in part, if the Court determines that, under those unchallenged facts, Defendant is entitled to judgment under the law." (Doc. 12).  The Court then granted Petitioner thirty days to file a response, and ordered him to respond on or before August 24, 2007 (Doc. 12-3).  Petitioner failed to file a timely response.

Although Petitioner failed to respond to the motion, Petitioner briefly alleges in his Petition that this new petition is not barred procedurally because (1) he is now challenging the validity of a statute and, therefore, exhaustion is not required, (2) the statute of limitations should be equitably tolled since his state habeas corpus petition was never ruled upon, and (3) failure to grant him relief would constitute a fundamental miscarriage of justice (Doc. 1 at 16-18).

### CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller,168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only

> by a finder of fact because they may reasonably be resolved in
> favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under
> Federal Rule of Civil Procedure 50(a), which is that the trial judge
> must direct a verdict if, under the governing law, there can be but
> one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

**Successively Filed Petitions**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the law as it pertains to the filing and processing of habeas corpus petitions, including the treatment of second or successive petitions. The current law concerning second and successive habeas petitions is found in 28 U.S.C. § 2244, which provides in part:

> (a) No circuit or district judge shall be required to entertain an application for a
> writ of habeas corpus to inquire into the detention of a person pursuant to a
> judgment of a court of the United States if it appears that the legality of such
> detention has been determined by a judge or court of the United States on a prior
> application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application
> under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under
> section 2254 that was not presented in a prior application shall be dismissed
> unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law,
> made retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable; or

>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
>(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
>(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(a), (b).

In this case, Respondent argues in his Motion for Summary Judgment (Doc. 9), that summary judgment should be granted and this case dismissed as a successive habeas petition pursuant to § 2244 (Doc. 9 at 1). Petitioner has failed to file a timely response to Respondent's Motion for Summary Judgment (Doc. 9), and the Court may, therefore, accept Respondent's uncontested facts as true.

Although Petitioner failed to respond to the motion, the Court must consider the part of his Petition that addresses exhaustion of administrative remedies and the statute of limitations. In his Petition, Petitioner briefly alleges that this new petition is not barred procedurally because

(1) he is now challenging the validity of a statute and, therefore, exhaustion is not required,(2) the statute of limitations should be equitably tolled since his state habeas corpus petition was never ruled upon, and (3) failure to grant him relief would work a fundamental miscarriage of justice (Doc. 1 at 16-18).

None of these arguments are applicable in this particular situation, however, because Petitioner has already had his one "bite" of the habeas apple. These are arguments that Petitioner should have raised on his first § 2254 appeal before Judge Reagan, not on a successive habeas appeal. Although Petitioner's 2002 Habeas Petition is not in the record before the Court, the Court need not determine whether the exact same claim was raised in the prior petition. Section 2244 makes clear that if the same claim presented in a second habeas petition was presented in a prior 2254 application, the second application must be dismissed, 28 U.S.C. § 2244(b)(1). But even if the Court were to assume that this is a new claim that was not presented in the 2002 petition, then § 2244(b)(2) requires that the Court must still be dismiss this subsequent application unless one of two conditions occur. 28 U.S.C. § 2244(b)(2).

Petitioner fails to meet either condition. The first condition states that Petitioner must show that the new claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2244(b)(2)(A). Petitioner has made no such allegation, and, therefore, the Court finds that this condition is not met. Petitioner also fails to satisfy the second condition because he fails to allege that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. § 2244(b)(2)(B).

Even if Petitioner could satisfy these conditions, he would not be permitted to maintain this action until he demonstrates that he has moved and obtained an order from the court of appeals authorizing the district court to consider the application. § 2244(3)(A).  Respondent alleges that it is undisputed that Petitioner has failed to move for such an order, and Petitioner has failed to deny this as undisputed fact.  Accordingly, Petitioner's habeas petition is deemed successive, not within any authorized exception, and it is **RECOMMENDED** that summary judgment be **GRANTED**.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 9) be **GRANTED**, that this case be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 7, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**